IN THE MATTER OF THE WRIT OF CERTIORARI OF JOHN J. LEARY, LATE PRIVATE THIRTEENTH REGIMENT TO MAJOR W. H. H. TYSON, PRESIDENT OF A COURT-MARTIAL.

*Certiorari — liability of the unsuccessful party for costs — the president of a court-martial is personally liable therefor — Code of Civil Procedure, secs, 2007, 2129, 3258.*

Where a judgment of a court-martial is brought into the Supreme Court by a writ of *certiorari* and there reversed, the respondent is personally liable for the costs awarded by the final order, and may be adjudged guilty of a contempt if he fail to pay them after a demand therefor has been duly made.

APPEAL from an order made at a Special Term requiring Major W. H. H. Tyson to pay certain costs or to be committed as for a contempt of court.

The costs were imposed by an order reversing a judgment of a court-martial upon the return to a writ of *certiorari*.

The opinion of the court upon the hearing of the matter brought before it by the *certiorari* is reported in 27 Hun, 564.

*Horatio C. King*, judge advocate general, counsel for appellant on behalf of the State.

*John J. Leary*, relator in person.

BARNARD, P. J.:

Major W. H. H. Tyson, according to the provisions of the Military Code held a court-martial and imposed a judgment against John J. Leary. This judgment was brought up to the Supreme Court for review by the defendant Leary, and the same was reversed with certain costs. The court-martial never obtained any jurisdiction of the person of the defendant Leary. The record of the court-martial was made up by Major Tyson, and was brought into the Supreme Court by a writ of *certiorari* duly allowed. By section 1991 of the Code of Civil Procedure a writ of *certiorari* is one of three writs denominated State writs. By section 2007, it is provided that in special proceedings instituted by State writ, the person required to pay the costs awarded by a final order may be punished for a contempt for non-payment of costs after demand

therefor. The writ was properly directed to Major Tyson. (Code, §.2129.) By section 3258 he would have been entitled to increased costs in case he had succeeded upon the final order "in a special proceeding instituted by State writ."

The order should therefore be affirmed, with costs and disbursements.

PRATT and DYKMAN, JJ., concurred.

Order affirmed, with costs and disbursements.